[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 23, 2010
JOHN LEY
CLERK

No. 10-13119
Non-Argument Calendar
_____

D. C. Docket No. 1:08-cv-03289-RLV

WORLD BUSINESS PARADISE, INC.,
OLUMBA K. OGUM,

Plaintiffs-Appellants,

versus

SUNTRUST BANK,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 23, 2010)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

World Business Paradise, Inc. and Olumba Ogum ("Appellants") appeal the district court's confirmation of an arbitration award in favor of SunTrust Bank, Inc. ("SunTrust") and denial of their motion to vacate this award. Appellants argue that the district court erred when it declined to vacate the award because the arbitrator displayed "evident partiality" toward SunTrust and committed misconduct in violation of 9 U.S.C. §§ 10(a)(2) and (a)(3). SunTrust argues that Appellants' challenge to the arbitration award is frivolous and seeks sanctions. After thorough review, we affirm and remand to the district court for imposition of sanctions in an amount to be determined by that court.

I.

"We review confirmations of arbitration awards and denials of motions to vacate arbitration awards under the same standard, reviewing the district court's findings of fact for clear error and its legal conclusions *de novo*." Frazier v. CitiFinancial Corp., 604 F.3d 1313, 1321 (11th Cir. 2010). The Federal Arbitration Act ("FAA") provides that upon either party's motion, the court must confirm the arbitrator's award "unless [it] is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the statute]." See 9 U.S.C. § 9. Section 10 of the FAA provides for vacatur of an arbitration award only in four narrow circumstances:

(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers.

The FAA presumes that arbitration awards will be confirmed, and "federal courts should defer to an arbitrator's decision whenever possible." Frazier, 604 F.3d at 1321 (quotation marks omitted).

Appellants argue that the arbitrator was partial toward SunTrust because she determined that Ogum was not a party to the arbitration and failed to consider Ogum's claims. Appellants further argue that the arbitrator was partial because she did not allow Appellants to conduct a deposition, even though she allowed SunTrust to conduct "extensive" depositions of the Appellants. Appellants also argue that the arbitrator committed misconduct, and showed favoritism, by not postponing the arbitration hearing. SunTrust disputes these allegations.

We conclude that Appellants have failed to prove any grounds justifying vacatur of the arbitration award under the Federal Arbitration Act, 9 U.S.C. § 10. "[A]n arbitration award may be vacated due to the 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to

3

believe that a potential conflict exists." Univ. Commons-Urbana, Ltd. v. Universal Constructors, Inc., 304 F.3d 1331, 1337 (11th Cir. 2002) (quotation marks omitted).

Appellants have provided no evidence to support their claims of partiality and misconduct. They point to only the arbitration award itself as evidence, but the award on its face does not reveal any actual or potential conflict of interest or impropriety. The language of the arbitration award undercuts Appellants' argument that the arbitrator excluded Ogum's claims. The award states that both World Business and Ogum were parties to the action. The award also explains that the arbitrator found in favor of SunTrust on "*Claimants'* claims against [the bank]." The award settled "all claims and counterclaims submitted to this Arbitration" and denied "all claims not expressly addressed herein." Nor does the language of the award support Appellants' claims that their requests for depositions and postponement of the hearing were denied.

Further, as the district court noted, Appellants have failed to present any transcript of the arbitration proceedings that would allow this Court to meaningfully review the challenged rulings of the arbitrator. Cf. id. (denying motion to vacate arbitration award in part because, absent hearing transcript, courts "cannot ascertain from the bare-bones statement of the award what principle

4

of law the arbitrators purportedly chose to ignore"). Thus Appellants have not provided this Court with any evidentiary support for their assertions. This lack of evidence is especially problematic where, as here, the opposing party disputes the factual basis for the claims of misconduct and partiality. We conclude that Appellants have failed to support their claims of misconduct and partiality and have therefore failed to establish adequate grounds to vacate the award.

## II.

SunTrust asks this Court to impose sanctions on Appellants for assuming a "never-say-die attitude" after losing the arbitration award and "drag[ging] the dispute through the court system without an objectively reasonable belief [they] will prevail." See B.L. Harbert Intern., LLC v. Hercules Steel Co., 441 F.3d 905, 913 (11th Cir. 2006), *abrogated on other grounds by* Frazier v. CitiFinancial Corp., 604 F.3d 1313, 1321 (11th Cir. 2010). We have warned litigants that we are "ready, willing, and able to consider imposing sanctions in appropriate cases." Id. at 914. We have recognized that "[a]rbitration's allure is dependent upon the arbitrator being the last decision maker in all but the most unusual cases" and that when litigants pursue baseless contests of arbitration awards, "the promise of arbitration is broken." Id. at 913.

5

In Hercules Steel, we considered but ultimately declined to impose sanctions. We justified our decision by highlighting that the party contesting the award had marshaled some support, albeit weak, for its position; the opposing party never requested sanctions; and the contesting party did not have the benefit of the notice and warning that our opinion in Hercules Steel provides. Id. at 914. Our Hercules Steel decision put parties on notice "that this Court is exasperated by those who attempt to salvage arbitration losses through litigation that has no sound basis in the law applicable to arbitration awards." Id.

The factors we considered in Hercules Steel weigh in favor of a finding that Appellants' conduct warrants sanctions. Unlike in Hercules Steel, Appellants have failed to muster any controlling authority to support their position. Appellants cite to only one case, decided by a California state court, for support in their entire six-page long appellate brief. Appellants never filed a reply brief. Although SunTrust did not move for sanctions in the district court, it has expressly requested for this Court to impose sanctions on appeal. Further, Appellants had the benefit of the notice and warning that our Hercules Steel opinion provides about our willingness to impose sanctions to deter baseless contests of arbitration awards. Based on this record, we conclude that sanctions should be imposed upon Appellants for bringing this frivolous appeal. We remand to the district court with

6

directions to determine the appropriate amount of the sanction to be awarded to

SunTrust.

**AFFIRMED.**

7